USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _12/11/2024_

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Grace A. Rawlins
grawlins@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*RVRG Holdings LLC*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RVRG HOLDINGS LLC, | **24-cv-8336 (VM)** |
| *Plaintiff* | |
| v. | **PRELIMINARY INJUNCTION ORDER** |
| HANGZHOU TAOHAOWU TECHNOLOGY CO., LTD., HONG KONG ALLCHINABUY CO., LIMITED and UK ALLCHINABUY CO., LIMITED, | |
| *Defendants* | |

1

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Rhude** | RVRG Holdings LLC |
| **Defendants** | Hangzhou Taohaowu Technology Co., Ltd., Hong Kong AllChinaBuy Co., Limited and UK AllChinaBuy Co., Limited |
| **AllChinaBuy** | The AllChinaBuy.com online platform, owned and operated by Defendants, which aids consumers across the world and specifically consumers residing in the U.S., including New York, by locating, consolidating, marketing, promoting, offering for sale, selling, purchasing, warehousing and shipping goods from third-party China focused marketplace platforms |
| **1688** | 1688, operating as 1688.com, is owned and operated by the Alibaba Group Holding Limited, is an online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants to advertise offer for sale, sell, distribute and ship their wholesale and retail products in China |
| **Taobao** | Taobao, operating as Taobao.com, is owned and operated by the Alibaba Group Holding Limited, is an online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants to advertise offer for sale, sell, distribute and ship their wholesale and retail products in China |
| **Tmall** | Tmall, operating as Tmall.com, is also owned and operated by the Alibaba Group Holding Limited, is an online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants to advertise offer for sale, sell, distribute and ship their wholesale and retail products in China |
| **China Focused Marketplace Platforms** | 1688, Taobao and Tmall |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 60 East 42nd Street, Suite 1250, New York, New York 10165 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing alternative service and 5) an order authorizing expedited discovery |
| **Dirocie Dec.** | Declaration of Yira Dirocie in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Rhude Products** | A globally successful ready-to-wear brand of men's and women's apparel, accessories, and footwear |
| **Rhude Marks** | U.S. Trademark Registration Nos.: 5,827,712 for "RHUDE" for a variety of goods in Class 18; 5,827,706 for "RHUDE" for goods |

| | |
|---|---|
| | in Class 25; and 5,385,699 for "RHUDE" for a variety of goods in Class 25 |
| **Counterfeit Products** | Products bearing or used in connection with the Rhude Marks, and/or products in packaging and/or containing labels bearing the Rhude Marks, and/or bearing or used in connection with marks that are confusingly similar to the Rhude Marks and/or products that are identical or confusingly similar to the Rhude Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **Merchant Storefronts** | Any and all storefronts through which sellers on the China Focused Marketplace Platforms to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are promoted and/or advertised by Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by Defendants (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group) (collectively "Alipay"), Stripe Payments Canada, Ltd. ("Stripe"), Visa Inc. ("Visa"), American Express Company ("American Express"), Mastercard Inc. ("Mastercard"), Discover Financial Services, Inc. ("Discover"), Google LLC payment services (e.g. Google Pay), Apple Inc. payment services (e.g. Apple Pay), JPMorgan Chase Bank, NA ("Chase"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions Inc. ("PingPong"), Airwallex (Hong Kong) Limited ("Airwallex HK"), Airwallex (UK) Limited, Worldpay (HK) Limited ("Worldpay"), World First UK Ltd. ("World First"), Bank of China ("BOC"), Citibank N.A. ("Citibank"), HSBC Holdings PLC ("HSBC") and Green Dot Bank and/or any entities affiliated with those listed herein holding Defendants' Assets |

WHERAS, Plaintiff moved *ex parte* on November 1, 2024 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on November 6, 2024 (the "TRO"), which ordered Defendants to appear on November 15, 2024 at 10:00 a.m. to show cause why a preliminary injunction should not issue (the "Show Cause Hearing");

WHEREAS, on November 8, 2024, Plaintiff wrote a letter to the Court requesting modification and extension of the TRO, including the date of the Show Cause Hearing;

WHEREAS, on November 8, 2024, the Court granted Plaintiff's request and adjourned the Show Cause Hearing to December 6, 2024 at 4:00 p.m. ("November 8, 2024 Order");

WHEREAS, on November 21, 2024, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application and the November 8, 2024 Order on Defendants via Federal Express, which were successfully delivered on November 25, 2024.

WHEREAS, on December 6, 2024 at 4:00 p.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared.

## PRELIMINARY FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      Rhude, founded in 2015 by self-taught designer Rhuigi Villaseñor, is a globally successful ready-to-wear brand and design venture evoking streetwear and luxury fashion. Rhude distributes the Rhude Products, including men's and women's apparel, accessories, and footwear, through various channels of trade in the United States and abroad.

B.      The Rhude Products are marketed under the Rhude Marks. The Rhude brand is recognized for its vintage nostalgia, American typography and iconography and visual commentary on Los Angeles style and culture.

C.      The Rhude Products are sold direct to consumer via Rhude's official website, https://rh-ude.com, and distributed through multi-brand retailers including, but not limited to, Nordstrom, Bergdorf Goodman, Neiman Marcus, Saks Fifth Avenue and SSENSE.

D.      While RVRG has gained significant common law trademark and other rights in its Rhude Marks and Rhude Products through use, advertising and promotion, RVRG also protected its valuable rights by filing for and obtaining federal trademark registrations.

E.      For example, RVRG owns the following U.S. Trademark Registration Nos.: 5,827,712 for "RHUDE" for a variety of goods in Class 18; 5,827,706 for "RHUDE" for goods in Class 25; and 5,385,699 for "RHUDE" for a variety of goods in Class 25.

F.      Defendants are advertising, listing, promoting, purchasing, validating, reviewing, warehousing, packaging, shipping, exporting and/or otherwise facilitating the sale of Counterfeit Products through the AllChinaBuy e-commerce platform.

G.      Defendants are not, nor have they ever been, an authorized distributor or licensee of the Rhude Products. Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defendants' use of the Rhude Marks, nor has Plaintiff consented to Defendants' use of marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Rhude Marks.

H.      The Rhude Marks are currently in use in commerce in connection with the Rhude Products in the United States.

I.      Defendants are advertising, listing, promoting, purchasing, validating, reviewing,

warehousing, packaging, shipping, exporting and/or otherwise facilitating the sale of Counterfeit Products through the AllChinaBuy e-commerce platform.

J.      Defendants are not, nor have they ever been, an authorized distributor or licensee of Plaintiff's Rhude Products. Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defendants' use of any of Plaintiff's Rhude Marks, nor have Plaintiff consented to Defendants' use of marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of any of Plaintiff's Rhude Marks.

K.      Plaintiff is likely to prevail on its Lanham Act and related common law claims at trial.

L.      As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries:

   a.   Defendants have offered for sale and sold substandard Counterfeit Products in the United States that infringe Plaintiff's Rhude Marks; and

   b.   Plaintiff has well-founded fears that more Counterfeit Products will appear in the marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for the Rhude Products.

M.      The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Rhude Marks and to its reputation if the relief granted in the TRO is not continued through the pendency of this action.

N.      Public interest favors issuance of the preliminary injunction order in order to

protect Plaintiff's interests in and to its Rhude Marks, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Rhude Products.

## **ORDER**

1. Plaintiff is entitled to injunctive relief through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions through the pendency of this litigation:

      i. advertising, listing, promoting, purchasing, validating, reviewing, warehousing, packaging, shipping, exporting and/or otherwise facilitating the sale of Counterfeit Products or any other products bearing Plaintiff's Rhude Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of Plaintiff's Rhude Marks;

      ii. directly or indirectly infringing in any manner Plaintiff's Rhude Marks;

      iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Rhude Marks, to identify any goods or services not authorized by Plaintiff;

      iv. using Plaintiff's Rhude Marks and/or any other marks that are confusingly similar to Plaintiff's Rhude Marks on or in connection with advertising, listing, promoting, purchasing, validating, reviewing, warehousing, packaging, shipping, exporting and/or otherwise facilitating the sale of Counterfeit Products;

      v. using any false designation of origin or false description, or engaging in any

action that is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product advertised, listed, promoted, purchased, validated, reviewed, warehoused, packaged, shipped, exported and/or otherwise sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vi.   using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product advertised, listed, promoted, purchased, validated, reviewed, warehoused, packaged, shipped, exported and/or otherwise sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vii.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating Defendants' Assets and the advertising, listing, promoting, purchasing, validating, reviewing, warehousing, packaging, shipping, exporting and/or otherwise facilitating the sale of Counterfeit

Products;

    viii.  knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above, and 1(b)(i) below.

   b)  Accordingly, Defendants and all persons in active concert and participation with Defendants who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions through the pendency of this litigation:

    i.  secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

2.  As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a)  Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants, served with this Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b)  Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order and the requests for the production shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's

counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control, relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

   i.   account numbers;

   ii.  current account balances;

   iii. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

   iv.  any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

   v.   any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

3. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), that service may be made on, and shall be deemed effective as to Defendants if it is completed via Federal Express at Defendants' registered office addresses:

    a) Defendant Hong Kong AllChinaBuy Co., Limited: Room 101A, 1/F., GenplasIndustrial Building, 56 Hoi Yuen Road, Kwun Tong Hong Kong; and

    b) Defendant UK AllChinaBuy Co., Limited: 7 Copperfield Road Coventry WestMidlands, England.

4. As sufficient cause has been shown, such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants and Financial Institutions through the pendency of this action.

5. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Financial Institutions if it is completed by the following means:

a)     delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

b)     delivery of: (i) a PDF copy of this Order, or (iii) a link to a secure website where AliPay will be able to download a PDF copy of this Order via electronic mail us_ipr_tro_requests@alipay.com;

c)     delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Stripe Payments Canada, Ltd. will be able to download a PDF copy of this Order via electronic mail to notices@stripe.com;

d)     delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Visa Inc. will be able to download a PDF copy of this Order via electronic mail to businessconduct@visa.com;

e)      delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where American Express Company will be able to download a PDF copy of this Order via electronic mail to amexsru@aexp.com;

f)      delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Mastercard Inc. will be able to download a PDF copy of this Order via electronic mail to ipinquiries@mastercard.com;

g)      delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Discover Financial Services, Inc. will be able to download a PDF copy of this Order via electronic mail to civilsubpoena@discover.com.

h)      delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Apple, Inc. will be able to download a PDF copy of this Order via electronic mail to lawenforcement@apple.com;

i)      delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Google LLC will be able to download a PDF copy of this Order via electronic mail to google-legal-support@google.com;

j)      delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where JPMorgan Chase Bank, NA will be able to download a PDF copy of this Order via electronic mail to maxwell.taylor@jpmchase.com;

k)      delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com;

l)      delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com;

m)      delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Airwallex (Hong Kong) Limited and Airwallex (UK) Limited will be able to download a PDF copy of this Order via electronic mail to kking@maglaw.com;

n)      delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Worldpay (HK) Limited will be able to download a PDF copy of this Order via electronic mail to support@worldpay.com;

o)      delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where World First UK Ltd. will be able to download a PDF copy of this Order via electronic mail to complaints@worldfirst.com;

p)      delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Bank of China will be able to download a PDF copy of this Order via electronic mail to service.at@bankofchina.com;

q)      delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Citibank N.A. will be able to download a PDF copy of this Order via electronic mail to alyssa.mitchell@citi.com, renae.a.rodriguez@citi.com and lsi@citi.com;

r)      delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Green Dot Bank will be able to download a PDF copy of this Order via electronic mail to IR@greendot.com; and

s)       delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where HSBC will be able to download a PDF copy of this Order via electronic mail to legal.paper.processing@us.hsbc.com.

6.   Defendants are hereby given notice that it may be deemed to have actual notice of the terms of this Order and any act by it in violation of this Order may be considered and prosecuted as in contempt of this Court.

7.   The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

8.   This Order shall remain in effect during the pendency of this action, or until further order of the Court.

9.   Defendants may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 11th day of December, 2024, at 2:00 p.m.
New York, New York

_____
HON. VICTOR MARRERO
UNITED STATES DISTRICT JUDGE