

**BRUCE R. EWING**
**Partner**
**(212) 415-9206**
**ewing.bruce@dorsey.com**

July 23, 2025

**VIA ECF**

Hon. Victor Marrero
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

      Re:    *RVRG Holdings LLC v. Hangzhou Taohauwu Technology Co., Ltd., Hong Kong AllChinaBuy Co., Limited, and UK AllChinaBuy Co., Limited*, No. 24-cv-8336 (VM)

Dear Judge Marrero:

      We represent Defendants Hangzhou Taohauwu Technology Co., Ltd., Hong Kong AllChinaBuy Co., Limited, and UK AllChinaBuy Co., Limited (collectively, "Defendants") in the above-referenced action. We write on behalf of Defendants and Plaintiff RVRG Holdings LLC ("Plaintiff") in accordance with the Order dated June 11, 2025, Dkt. 35.

      Plaintiff filed a Complaint on December 9, 2024 in which it asserted claims against Defendants for: (1) trademark counterfeiting under the U.S. Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.*, (the "Lanham Act"); (2) trademark infringement under the Lanham Act; (3) false designation of origin, passing off, and unfair competition under the Lanham Act; and (4) unfair competition under New York law. Dkt. 8. Plaintiff's Complaint also sought a preliminary and permanent injunction. *Id*. Defendants deny that they are liable on any of the claims asserted by Plaintiff, or that Plaintiff is entitled to any injunctive relief, because Defendants are mere passive brokers or facilitators that do not use Plaintiff's marks in commerce. *See King Spider LLC v. Panda Hong Kong Tech. Co.*, 24-CV-2668 (JGLC), 2025 U.S. Dist. LEXIS 7440 (S.D.N.Y. Jan. 14, 2025). Plaintiff disputes the legal and factual basis of Defendants' arguments.

      On December 11, 2024, this Court granted Plaintiff's *ex parte* application for a preliminary injunction, Dkt. 20 (the "Preliminary Injunction"). The Preliminary Injunction, among other things, enjoined Defendants from marketing or selling any products bearing Plaintiff's marks on a worldwide basis, and froze certain funds belonging to, or under the control of, Defendants. Dkt. 20 at pp. 7-9.

      On May 9, 2025, Defendants filed their Answer. Dkt. 31. On May 20, 2025, this Court issued an Order directing the parties to file a joint letter and case management plan by June 23, 2025. Dkt. 32. On June 11, 2025, this Court granted the parties' request for an extension of



Hon. Victor Marrero
July 23, 2025
Page 2

that deadline in order to facilitate settlement discussions.  Dkt. 35.  While the parties discussed a potential settlement in good faith, they were unable to reach an agreement.

The Preliminary Injunction provides that Defendants "may appear and move to dissolve or modify the [Preliminary Injunction] on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.  *Id*. at 14.  Defendants now wish to make such a motion (the "Motion to Dissolve") and have agreed upon the following briefing schedule with Plaintiff:

- August 11, 2025:  Deadline for Defendants to file their Motion to Dissolve;
- September 5, 2025:  Deadline for Plaintiff to file any opposition papers;
- September 24, 2025:  Deadline for Defendants to file any reply papers; and
- Date for Oral argument to be set by the Court.[1]

The parties also respectfully request that the submission of a case management plan be deferred until the Motion to Dissolve is decided.  Finally, the parties do not consent to proceeding before a magistrate judge.

The parties thank the Court for its consideration of this request.

                Respectfully Submitted,

                DORSEY & WHITNEY LLP

  By:  */s/ Bruce R. Ewing*
        Bruce R. Ewing
        51 West 52nd Street
        New York, NY 10019
        (212) 415-9200

        Attorneys for Defendants

---

[1] The parties recognize that Section II.A of Your Honor's Individual Practices requires the filing of pre-motion letters and responses before a filing like the contemplated motion to dissolve is submitted.  However, because the Preliminary Injunction was issued on an *ex parte* basis, Defendants have not yet had an opportunity to be heard in opposition to the grant of expedited relief.  Defendants therefore respectfully submit that they should be permitted to file their planned motion promptly, as the Preliminary Injunction contemplates.