USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/11/26

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RVRG HOLDINGS LLC, | 24-CV-8336 (VM) |
| Plaintiff, | <u>DECISION AND ORDER</u> |
| - against - | |
| HANGZHOU TAOHAOWU TECHNOLOGY CO, et al., | |
| Defendants. | |

**VICTOR MARRERO, United States District Judge.**

In this action, plaintiff RVRG Holdings LLC ("RVRG") alleges that defendants Hangzhou Taohaowu Technology Co., Ltd., Hong Kong AllChinaBuy Co., Limited, and UK AllChinaBuy Co., Limited (collectively, "AllChinaBuy") operate a website that allows consumers to purchase counterfeit versions of RVRG's products. RVRG alleges that AllChinaBuy's actions constitute direct trademark infringement and false designation of origin in violation of the Lanham Act as well as unfair competition under New York common law. (See "Compl.", Dkt. No. 8.) The Court previously granted an *ex parte* temporary restraining ("TRO") order against AllChinaBuy. (See Dkt. No. 18.) Following notice to AllChinaBuy and AllChinaBuy's failure to appear, the Court converted the TRO to a preliminary injunction (the "Preliminary Injunction"). (See Dkt. No. 20.)

AllChinaBuy now moves to modify or dissolve the Preliminary Injunction, arguing that RVRG has failed to show a likelihood of success on the merits of its claims. (See Dkt. No. 41.) Because the evidence now before the Court indicates that RVRG is not likely to succeed on the merits of its claims, the Court **GRANTS** AllChinaBuy's motion and dissolves the Preliminary Injunction.

## I.   BACKGROUND

### A.   FACTUAL BACKGROUND[1]

AllChinaBuy is an online shopping platform that enables customers outside of China to purchase goods from Chinese ecommerce retailers. (See Compl. ¶ 23.) Consumers use AllChinaBuy's services by copying a link to a product listed on a third-party ecommerce website and pasting the link into AllChinaBuy's platform. (See "Zhang Decl.", Dkt. No. 42 at ¶ 9.) AllChinaBuy then generates a translated version of the product listing. (See id.; Compl. ¶ 23.) Consumers can also search for third-party product listings directly through AllChinaBuy if another user has already generated the

---

[1] The factual background is drawn from RVRG's complaint and the parties' declarations and accompanying exhibits filed in connection with the instant motion. See Park Irmat Drug Corp. v. Optumrx, Inc., 152 F. Supp. 3d 127, 132 (S.D.N.Y. 2016) ("In deciding a motion for preliminary injunction, a court may consider the entire record including affidavits and other hearsay evidence."). The Court is not required to accept the allegations in the complaint as true or to draw all reasonable inferences in RVRG's favor. See New Hope Family Servs. v. Poole, 966 F.3d 145, 165 (2d Cir. 2020).

translated product listing. (See Zhang Decl. ¶ 9.) AllChinaBuy does not manufacture any of the products listed on its platform or exert any control over third-party sellers' product listings. (See id.; Compl. ¶ 25.)

If a user wishes to purchase a product via AllChinaBuy's platform, they make a payment using an online payment platform, which is then routed to a third-party "shopping agent company" (the "Shopping Agent Company") with whom AllChinaBuy has a contractual agreement. (Zhang Decl. ¶ 10-11.) Pursuant to the agreement between AllChinaBuy and the Shopping Agent Company, the Shopping Agent Company helps users to complete their purchases by interacting with users, entering their orders on the third-party ecommerce sites, and facilitating shipment of the desired products to a warehouse (the "Warehouse"). (See id. ¶¶ 10-12.) The Shopping Agent Company has the discretion to refuse orders and does not work exclusively with AllChinaBuy. (See id. ¶ 10.)

The Warehouse is owned and operated by another third party with whom AllChinaBuy has a contractual agreement. (See id. ¶¶ 12-13.) When the Warehouse receives a shipment, a Warehouse employee unpackages the product, photographs the product, and sends the photo to the customer for verification. (See id. ¶ 15.) The Warehouse then repackages the product and ships the product to the customer according to the shipping

3

instructions the customers provides. (See id.) At that time, customers make a second payment through AllChinaBuy's platform. (See id. ¶ 16.) AllChinaBuy receives a percentage of that payment as a fee, with the remainder going to the Warehouse. (See id.) That fee is AllChinaBuy's sole revenue from purchases made through its platform. (See id. ¶ 17.)

AllChinaBuy uses social media to promote its platform. (See id. ¶ 21; Compl. ¶¶ 26-27.) As one form of promotion, AllChinaBuy contracts with social media "influencers" through its "affiliate program" (the "Affiliate Program"). (See Compl. ¶¶ 28-29.) Under that program, AllChinaBuy pays influencers to promote items for sale on its platform. (See id.) As part of their promotional work, the influencers publish spreadsheets including goods for sale on AllChinaBuy's platform. (See id.; Zhang Decl. ¶ 21.) AllChinaBuy does not instruct influencers as to what products to promote. (See Zhang Decl. ¶ 22.)

RVRG is a holding company that owns Rhude, a clothing and accessories brand. (See Compl. ¶ 10.) RVRG owns three trademarks associated with the Rhude brand. (See id. ¶ 16; Dkt. No. 8-2.) RVRG has identified listings on AllChinaBuy for products bearing the Rhude trademarks, which RVRG alleges infringe on its trademark and include counterfeit goods. (See Compl. ¶¶ 39-41; Dkt. No. 8-3.) Additionally, RVRG's

4

complaint identifies one spreadsheet posted by an alleged participant in AllChinaBuy's Affiliate Program that includes a counterfeit Rhude product. (See Compl. ¶¶ 42-43.)

Following the entry of the Temporary Restraining Order, AllChinaBuy altered its website to block users from searching for products bearing RVRG's trademarks. (See Zhang Decl. ¶ 24.) However, as recently as January 15, 2026, products bearing the Rhude trademark were still listed on AllChinaBuy's platform and available for purchase via its services. (See "Drangel Decl.", Dkt. No. 66 at ¶¶ 12-14.)

B.  PROCEDURAL HISTORY

RVRG initiated this action on November 1, 2024, alleging claims for trademark infringement and false designation of origin under the Lanham Act and unfair competition under New York law. (See Dkt. No. 8.) On that same day, RVRG moved for an *ex parte* temporary restraining order ("TRO"). (See Dkt. Nos. 14-15.) On November 6, 2024, the Court entered the TRO and ordered AllChinaBuy to show cause why a preliminary injunction should not issue. (See Dkt. No. 18.) On November 8, 2024, the TRO was extended until December 6, 2024. (See Dkt. No. 19.)

AllChinaBuy did not appear in this action or file any opposition to the entry of a preliminary injunction. Following AllChinaBuy's failure to appear at the show cause

5

hearing, the Court entered the Preliminary Injunction on December 11, 2024. (See Dkt. No. 20.) Among other things, the Preliminary Injunction enjoined AllChinaBuy from (1) directly or indirectly infringing RVRG's marks; (2) shipping, listing, promoting, or otherwise advertising products bearing RVRG's marks; and (3) knowingly instructing any other person or business to do the same. (See id. at 7-8.) The Preliminary Injunction allowed AllChinaBuy to appear and move to dissolve or modify the Preliminary Injunction on two days' notice to RVRG. (See id. at 14.)

On August 11, 2025, AllChinaBuy filed the instant motion to modify or dissolve the Preliminary Injunction, supported by a memorandum of law, declaration, and exhibits. (See Dkt. Nos. 41–43.) Following several motions to extend the deadline to respond, RVRG filed its opposition to AllChinaBuy's motion, supported by a declaration and an exhibit, on January 16, 2026. (See Dkt. Nos. 65-66.) AllChinaBuy filed its reply on February 16, 2026. (See Dkt. No. 67.) Neither party requested an evidentiary hearing.

## II.  LEGAL STANDARD

"The decision whether to modify a preliminary injunction involves an exercise of the same discretion that a court employs in an initial decision to grant or deny a preliminary injunction." Molecular Dynamics Ltd. v. Spectrum Dynamics

6

Med. Ltd., No. 22-CV-4332, 2022 WL 2901559, at *2 (S.D.N.Y. July 22, 2022) (quoting Weight Watchers Int'l, Inc. v. Luigino's, Inc., 423 F.3d 137, 141 (2d Cir. 2005)). Parties seeking a preliminary injunction must show that: (1) they are "likely to succeed on the merits"; (2) they will "suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [movant's] favor"; and (4) "an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citation omitted).

The burden on a party seeking to modify or dissolve a preliminary injunction is not settled law in this Circuit. See Ideavillage Prods. Corp. v. Bling Boutique Store, No. 16-CV-9039, 2017 WL 1435748, at *3 (S.D.N.Y. Apr. 21, 2017). Several district courts in this Circuit have, consisted with the approach adopted by other circuits, required a movant to "present[] new evidence that shows a change in circumstances" rendering the preliminary injunction no longer justified. Lead Creation Inc. v. Hangzhou Yueji E-Com. Co., No. 22-CV-10377, 2023 WL 2403678, at *1 (S.D.N.Y. Mar. 8, 2023); see Ideavillage, 2017 WL 1435748, at *3 (collecting cases). The Court adopts the same standard and requires AllChinaBuy to show that changed circumstances warrant relief from the Preliminary Injunction.

7

## III.  DISCUSSION

In issuing the Preliminary Injunction, the Court found that RVRG was likely to prevail on the merits of its Lanham Act and New York law claims. (See Dkt. No. 20 at 6.) However, since the issuance of the Preliminary Injunction, AllChinaBuy has appeared in this action and submitted new evidence in the form of a declaration and supporting exhibits. (See Dkt. Nos. 41-43.) In light of this new evidence, the Court finds that RVRG can no longer show a likelihood of success on the merits of its claims. The Preliminary Injunction will therefore be dissolved.

To succeed on its claim of direct trademark infringement under the Lanham Act, RVRG must show that AllChinaBuy "without the consent of the registrant use[d] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1). In assessing claims for direct trademark infringement, courts consider (1) "whether the plaintiff's mark is entitled to protection" and (2) "whether the defendant's use of the mark is likely to cause confusion as to the origin or sponsorship of the defendant's goods."

8

Tiffany (NJ) Inc. v. eBay Inc., 600 F.3d 93, 102 (2d Cir. 2010) (quoting Savin Corp. v. Savin Group, 391 F.3d 439, 456 (2d Cir. 2004)). AllChinaBuy does not argue that RVRG's marks are not entitled to protection. Instead, AllChinaBuy argues that it does not "use" the marks within the meaning of the Lanham Act.[2]

The Lanham Act requires that a defendant's use of the plaintiff's mark constitutes "use in commerce." 15 U.S.C. § 1114(1). "Use in commerce" is a broad term that is satisfied whenever "the trademark has been displayed to customers in connection with a commercial transaction." Kelly-Brown v. Winfrey, 717 F.3d 295, 306 (2d Cir. 2013). However, courts have interpreted the "use in commerce" requirement to generally exclude "brokers, facilitators, [and] transactional intermediaries" from liability for direct trademark infringement under the Lanham Act. Atari Interactive, Inc. v. Printify, Inc., 714 F. Supp. 3d 225, 232 (S.D.N.Y. 2024), appeal withdrawn sub nom. ABC v. Does 1-10, No. 24-501, 2024 WL 3963729 (2d Cir. June 12, 2024). Accordingly, online marketplaces, such as eBay and Amazon, "that facilitate sales for independent vendors generally escape Lanham Act

---

[2] AllChinaBuy additionally argues that RVRG has not shown it is likely liable for contributory and vicarious trademark infringement. However, RVRG does not allege claims for either contributory or vicarious trademark infringement. (See Opp'n at 12.) The Court therefore will not address those arguments.

9

liability," while "parties who design and print trademark-infringing goods typically violate the Lanham Act." Id. (quoting Ohio State Univ. v. Redbubble, Inc., 989 F.3d 435, 446 (6th Cir. 2021)). The determinative question is whether the alleged infringer acts like a "passive facilitator," thus avoiding liability, or instead exercises sufficient control "over the creation, manufacture, or sale of offending goods to be considered akin to a 'seller' or 'manufacturer' to whom Lanham Act liability applies." Id. (quoting Ohio State Univ., 989 F.3d at 447).

In a recent case, King Spider LLC v. Panda (Hong Kong) Technology Co., 24-CV-2668, 2025 WL 89123 (S.D.N.Y. Jan. 14, 2025), another court in this District was asked to answer the same "use in commerce" question, in the same posture, concerning a very similar defendant. King Spider involved trademark infringement claims brought by a clothing company against a Chinese company, Pandabuy, with the same business model as AllChinaBuy. See 2025 WL 89123, at *1. Judge Clark entered a preliminary injunction against the defendants, finding that the plaintiffs had demonstrated a likelihood of success on the merits of their claims. See id. However, following the defendant's appearance, Judge Clarke granted a motion to dissolve the preliminary injunction. See id. at *7, *10. Central to that decision was Judge Clarke's finding that

10

Pandabuy did not "exercise sufficient control over the creation, manufacture, or sale of offending goods to be considered akin to a 'seller' or 'manufacturer' to whom Lanham Act liability applies." Id. (quoting Printify, 714 F. Supp. 3d at 232). Judge Clarke based that finding on the facts that Pandabuy did not manufacture any products, maintain any inventory, or otherwise hold itself out to consumers as the seller of the goods at issue. See id. at *5–6. Instead, Pandabuy acted more like a "passive facilitator" by connecting "consumers with third-party products" that consumers then purchased and received via third-party purchasing agents and warehouses with whom Pandabuy contracted. Id. at *5.

    The Court finds Judge Clarke's analysis in King Spider to be persuasive and in accord with other cases addressing the scope of the "use in commerce" requirement. See Printify, 714 F. Supp. 231–34; GMA Accessories, Inc. v. BOP, LLC, 765 F. Supp. 2d 457, 463–64 (S.D.N.Y. 2011), aff'd sub nom. GMA Accessories, Inc. v. Elec. Wonderland, Inc., 558 F. App'x 116 (2d Cir. 2014). Furthermore, the facts before the Court here indicate that AllChinaBuy's role in the distribution process is indistinguishable from that played by Pandabuy. First, it is undisputed that AllChinaBuy does not create or manufacture any of the offending goods. (See Compl. ¶ 25.) The goods are

11

manufactured and marketed by third parties over whom AllChinaBuy has no control. (See Zhang Decl. ¶¶ 8-9.) Additionally, like Pandabuy, AllChinaBuy maintains no inventory and collects money only via a fee on shipping, (see Zhang Decl. ¶¶ 15-17), contrary to the general practices of a seller, who would typically "adjust prices in relation to the value of the goods in question." King Spider, 2025 WL 89123, at *6 (quoting Y.Y.G.M. SA v. Redbubble, Inc., No. 19-CV-4618, 2020 WL 3984528, at *3 (C.D. Cal. July 10, 2020)) (alterations accepted). Also, unlike a traditional seller, neither the goods nor their packaging identifies AllChinaBuy as the source of the goods. (See Zhang Decl. ¶ 18.) Cf. Atari Interactive, Inc. v. Redbubble, Inc., 515 F. Supp. 3d 1089, 1103 (N.D. Cal. 2021) (finding some evidence that the defendant, Redbubble, acted as a seller for purposes of the Lanham Act where the products at issue "arrive in Redbubble packaging with a Redbubble tag to reinforce that they are Redbubble's products").

Like Pandabuy and other companies found to be "facilitators" beyond the application of the Lanham Act, AllChinaBuy relies on other companies (i.e., the Shopping Agent Company and the Warehouse) to facilitate consumers' transactions. See King Spider, 2025 WL 89123, at *6; Printify, 714 F. Supp. 3d at 233. The Shopping Agent Company places

consumers' orders with third-party vendors. (See Zhang Decl. ¶ 10.) The Warehouse receives the goods from the vendors, photographs the goods for purposes of quality control, and repackages and ships the goods to the consumers. (See id. ¶ 15.) AllChinaBuy's role involves primarily maintenance of its website, transmitting customers' purchase orders to the Shopping Agent Company, and contracting with the Warehouse and Shopping Agent Company. (See id. ¶¶ 9-18.) As in King Spider, that conduct is more consistent with serving as a "passive facilitator" than a "seller" or "manufacturer." King Spider, 2025 WL 89123, at *7; see also Printify, 71 F. Supp. 3d at 233 (observing "products [were] quality checked by [a] third-party printer" and Printify engaged in "routine monitoring only to ensure that the printer [was] generally up to Printify's standards").

RVRG's additional arguments for why AllChinaBuy should be treated as a seller under the Lanham act are unpersuasive. First, plaintiffs contend that the Shopping Agent Company is "acting, both contractually and by their course of conduct, as AllChinaBuy agents." ("Opp'n", Dkt. No. 65 at 9.) The same was true in King Spider: Pandabuy similarly contracted with and "managed" shopping agents. King Spider, 2025 WL 89123, at *5-6. The Court finds persuasive Judge Clarke's reasoning that "directing third parties" involved in the purchasing

13

process is insufficient to establish liability as a seller in light of the other evidence here. Id. at *6. Additionally, RVRG's argument that AllChinaBuy itself receives and checks orders for quality control purposes is not supported by evidence and contradicted by the affidavit provided by Defendants, which states that these functions are performed by the third-party Warehouse. (See Opp'n at 9; Zhang Decl. at ¶¶ 12-15.) In a declaration submitted by RVRG's counsel, RVRG cites to on a clip from a video taken by a "social media influencer" who states that "every single item you have ever ordered on AllChinaBuy was viewed by another random person in China . . . someone had to approve that and purchase it for you." (Drangel Decl. ¶ 9.) That statement is consistent with the roles attributed by AllChinaBuy to its third-party partners: the Shopping Agents approve and input orders and the Warehouse reviews the items upon receipt.

Second, RVRG argues that AllChinaBuy meets the "use in commerce" standard by virtue of its Affiliate Program and advertising activity in displaying Plaintiff's marks on its website. (See Opp'n at 11.) Use of a plaintiff's mark in advertising alone may constitute "use in commerce." See N. Star IP Holdings, LLC v. Icon Trade Servs., LLC, 710 F. Supp. 3d 183 (S.D.N.Y. 2024). However, RVRG has not shown that AllChinaBuy engaged in advertising using its trademarks.

14

AllChinaBuy does not control the listings display on its website. (See Zhang Decl. ¶¶ 8-9.) Instead, they are created by third-party vendors and added to AllChinaBuy's platform by its users. (See id.) To find that the mere display of images of infringing products constitutes "use in commerce" would swallow the "passive facilitator" exception to Lanham Act liability that has been applied to other ecommerce marketplaces like Amazon and eBay. See King Spider, 2025 WL 89123, at *7 n.4, *8 (rejecting argument that display of infringing listings created by third parties constituted advertising sufficient to meet the "use in commerce" requirement). As to the Affiliate Program, it is the Affiliates, not AllChinaBuy, who select the products to be promoted. (See Zhang Decl. ¶¶ 21-22.) RVRG does not allege, much less present evidence, that AllChinaBuy directs Affiliates to promote products bearing its marks. RVRG has therefore failed to show that it is likely to succeed on its Lanham Act claim under an advertising theory.

Lastly, RVRG points to Denim Tears LLC. v. Shenzhen Xiaotangren Technology Co. Ltd. et al., No. 24-CV-5675, Dkt. No. 57 (S.D.N.Y. Apr. 24, 2025), in which another court in this District entered a preliminary injunction in a trademark infringement case against yet another Chinese company that offers the same services as AllChinaBuy. (See Opp'n at 5-6.)

15

However, the preliminary injunction order in Denim Tears did not engage in any legal analysis as to whether the defendant's actions there qualified as "use in commerce." See Denim Tears, No. 24-CV-5675, Dkt. No. 57. Given the substantial, persuasive discussion of that issue in King Spider, and this Court's independent consideration of Lanham Act law and the facts of this case, the Court declines to follow Denim Tears rather than King Spider and the cases cited therein.

In sum, the evidence currently before the Court indicates that AllChinaBuy does not "exercise sufficient control over the creation, manufacture, or sale of offending goods to be considered akin to a 'seller' or 'manufacturer' to whom Lanham Act liability applies." Printify, 714 F. Supp. 3d at 232 (citation and quotation omitted). With the benefit of AllChinaBuy's appearance, briefing, affidavits, and other evidence, the Court is no longer persuaded that RVRG is likely to succeed on the merits of its trademark infringement claim. The standards governing RVRG's claims for false designation of origin under the Lanham Act and for unfair competition under New York law mirror those applicable to its direct trademark infringement claim, including the "use in commerce" requirement. See id. at 237. Accordingly, RVRG has not shown

a likelihood of success on the merits of those claims either. The Preliminary Injunction will therefore be dissolved.[3]

## IV. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the motion (Dkt. No. 41) of defendants Hangzhou Taohaowu Technology Co., Ltd., Hong Kong AllChinaBuy Co., Limited and UK AllChinaBuy Co., Limited to modify or dissolve the Preliminary Injunction previously entered by this Court on December 11, 2024, (Dkt. No. 20) is **GRANTED**. The Preliminary Injunction (Dkt. No. 20) is hereby **DISSOLVED**.

The Clerk of Court is respectfully directed to close the motion at Docket Number 41.

**SO ORDERED.**

Dated:   11 March 2026
         New York, New York

_____
                    Victor Marrero
                       U.S.D.J.

---

[3] Because the Court dissolves the Preliminary Injunction in full, it does not address AllChinaBuy's additional arguments that the Preliminary Injunction is overly broad. (See Mem. at 17-21.)